**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NURLANBEK KULDASHEV (A No. 220-761-032),<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX FACILITY, et al.,<br><br>Respondents. | Case No. 1:26-cv-03148-JLT-SAB<br><br>ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; DENYING THE MOTION TO APPOINT COUNSEL; AND ORDERING PETITIONER'S IMMEDIATE RELEASE<br><br>(Docs. 1, 3, 4.) |

## I.    INTRODUCTION

Before the Court is Nurlanbek Kuldashev's request for a temporary restraining order (Doc. 4), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed a response to the TRO and the underlying petition, asserting only that the petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), a legal position that this Court has rejected repeatedly. (*See* Doc. 9.) Thus, the Court **GRANTS** the petition for writ of habeas corpus.[1]

---

[1]  When the Court set a briefing schedule on the motion for TRO, it ordered the parties to state their position as to whether the motion for TRO should be converted to a preliminary injunction without further briefing, whether the parties sought a hearing, and whether the parties sought additional briefing on the habeas petition. (Doc. 8.) Respondents did not request further briefing, "waive any hearing on injunctive relief," and are "amenable to the Court ruling on the underlying petition for writ of habeas

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2241, the Court has the authority to determine a petition for writ of habeas corpus in which the petitioner asserts he is being held in custody "in violation of the Constitution or laws or treaties of the United States." "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Petitioner seeks his immediate release from custody, which he contends violates the Fifth Amendment Due Process Clause under the United States Constitution. (Doc. 1 at 2.) Thus, he properly invokes the Court's habeas jurisdiction.

The INA limits judicial review in many instances. Though 8 U.S.C § 1252(g) precludes this Court from exercising jurisdiction over the executive's decision to "commence proceedings, adjudicate cases, or execute removal orders against any alien," there is no removal order at issue here and the central issue is Petitioner's continued detention. Thus, this Court has the authority to review Petitioner's habeas petition. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (holding that § 1252(g) precludes judicial review only as to the three areas specifically outlined in the subsection); *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482 (1999).

## III.    BACKGROUND

Petitioner is from Russia who entered the United States on or around November 1, 2021, after he and his family fled Russia due to fear of persecution and torture. (Doc. 1 at 3.) Petitioner was encountered by immigration officials upon entry and according to Petitioner, "was allowed to enter America under humanitarian parole after [one] day[] of detention."[2] (*Id*.) Within a year of arrival, on October 21, 2022, Petitioner applied for asylum. (*Id*.) Petitioner's asylum claim is

---

corpus." (Doc. 9 at 1.) Considering this and given that Respondents had notice and opportunity to respond, the Court decides this case on the underlying habeas petition.

[2] Respondents do not present evidence to the contrary. Despite this Court ordering Respondents to "provide . . . copies of referenced/relevant portions of Petitioner's A-File and other supporting documents" (Doc. 8), Respondents only indicate that Petitioner was previously "release[d] in the discretion of the government." (Doc. 9 at 2.) Accordingly, this Court concludes that Petitioner was encountered at the border and released on parole. (*See id*.)

2

pending before the immigration court, and he is not currently subject to a final order of removal.[3] (*Id*.) Petitioner indicates that he "has no criminal history," and has "worked for [five] years without violating any law." (*Id*.) There is also no indication in the record that Petitioner poses a danger to the community or a flight risk. (*See id*.; *see also* Doc. 4.) Respondents offer no evidence or argument to suggest otherwise. (*See* Doc. 9.) On March 26, 2026, as Petitioner was driving to Texas, the police stopped him and "without any reason," transferred him to ICE custody. (Doc. 1 at 3.) Petitioner was eventually transferred to Golden State Annex Detention Facility in McFarland, California where he currently remains. (*Id*.)

## IV.   DISCUSSION

The government filed an opposition to the petition and motion for temporary restraining order, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (*See* Doc. 9.) Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner and make no effort to distinguish this current case from the numerous cases issued by the undersigned, finding this legal position to be incorrect and the detention unlawful. *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

Regarding Petitioner's motion for appointment of counsel, (Doc. 3), the Court **DENIES** this request. Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any

---

[3] Upon entering Petitioner's A-Number into EOIR's website, the automated case information indicates that Petitioner's immigration case is ongoing with no final order of removal in place. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited May 4, 2026).

stage of the case if "the interests of justice so require." Because the Court finds that Petitioner's re-detention was unlawful and orders his immediate release, the interests of justice do not require appointment of counsel. For the foregoing reasons, the Court **ORDERS:**

1.	The petition for writ of habeas corpus, (Doc. 1), is **GRANTED** for the reasons stated in the orders cited above. Petitioner **SHALL** be **RELEASED IMMEDIATELY.**

2.	The motion for temporary restraining order, (Doc. 4), is **DENIED** as **MOOT**.

3.	The motion to appoint counsel (Doc. 3) is **DENIED**.

3.	Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[4];

3.	 The Clerk of Court is directed to serve the Golden State Annex Detention Facility in McFarland, California with a copy of this Order.

4.	The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:	**May 4, 2026**

UNITED STATES DISTRICT JUDGE

---

[4] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.